UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tracey L. Johnson, | ) | CASE NO. 4:17 CV 63 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| S. Merlak, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). The Petition is DENIED.

**Facts**

Petitioner was convicted and sentenced in the United States District Court for the Southern District of Ohio for federal narcotics and firearms violations. Petitioner filed a direct appeal. The Sixth Circuit affirmed his conviction and sentence. An initial § 2255 motion was denied by the district court and the Sixth Circuit declined to grant a certificate of appealability. Two attempts to file second or successive motions to vacate his sentence were likewise denied

1

by the court of appeals.

Petitioner has now filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

**Discussion**

Respondent argues that this Court lacks jurisdiction to consider this Petition because, although styled as a § 2241 motion, it is actually a § 2255 motion which is successive and filed in the wrong court. For the following reasons, this Court agrees.

"In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed (e.g., the computation of sentence credits or parole eligibility) rather than the validity of the sentence itself." *Capaldi v. Pontesso,* 135 F.3d 1122 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991)). On the other hand, § 2255 provides that a federal prisoner may challenge his sentence in the court which imposed it on grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.

Petitioner argues that one of his two § 924(c) convictions must be vacated under the authority of *United States v. Vichitvongsa,* 819 F.3d 260 (6th Cir. 2016). Petitioner requests that he be re-sentenced to only one § 924(c) count. Clearly, petitioner is not challenging the manner in which his sentence is being carried out. He is challenging the legality of his sentence. The statutes, § 2241 and § 2255, are not interchangeable. Petitioner has not attempted to establish that § 2255 is an inadequate remedy. As petitioner was sentenced in the United States District Court for the Southern District of Ohio, petitioner would have to file any § 2255 motion there.

For these reasons, petitioner's § 2241 motion is denied because it is actually a successive

2

§ 2255 motion filed in the wrong court.

**Conclusion**

For the foregoing reasons, petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/5/17